14521

HUNTER v. ALLIED MILLS, INC., *ET AL.*

(192 S. E., 356)

 July, 1936.

*Messrs. Nelson, Mullins & Grier,* for appellant, cite: 

*Mr. C. T. Graydon,* for respondent.

July 27, 1937.

*Per curiam.*

This is an action for damages, both actual and punitive. The plaintiff alleged that she "does a general business of raising, caring for, and selling dogs of fine breed and expensive types in the City of Columbia"; that the defendant the Allied Mills, a foreign corporation, "is engaged in making certain food compounds for human beings and animals, among the same being a compound known as Wayne Dog Food," and that the Carolina Feed Store is distributor for its co-defendant, and "handles the products of said mill in the City of Columbia"; that the compound referred to "is advertised by both defendants herein as being a superior and substantial food for dogs, containing no deleterious matter whatsoever"; and that the plaintiff, in the fall of 1935, purchased from the Carolina Feed Store a bag of this food and fed the same to her dogs "on the basis of the representations and warranties and the offer made by both defendants that said food was good, substantial, and wholesome for feeding animals." It was further alleged that "during the early part of the month of November, 1935, the plaintiff began to feed the dogs of her kennels from said sack of food as aforesaid and that immediately thereafter every dog that was fed out of said sack began to show serious digestive disturbances and began to exhibit signs of sickness and that the plaintiff was

forced to place said dogs under a veterinary surgeon for treatment and that as a result thereof the plaintiff was forced to expend large amounts for veterinary bill and treatment, lost ten (10) of the finest bred dogs in said kennels, said dogs being of a reasonable value of $50.00 apiece. * * * That the injury and damage was caused and occasioned by the food furnished by the defendants being unfit for the use for which it was represented * * * and that the said conduct of the defendants in putting up and offering for sale the said food as aforesaid," was negligent and wanton. Damages were asked for in the sum of $3,000.00.

The answer admitted that the Allied Mills was engaged in the business of manufacturing the dog food in question, and that the Carolina Feed Store sold its manufactured products in the City of Columbia and vicinity. It also admitted that the plaintiff had purchased from the Carolina Feed Store, about October 15, 1935, a bag of the food in question, but alleged that the products of the Allied Mills, including Wayne Dog Food, were manufactured and prepared in accordance with an established formula, and contained no deleterious substance whatsoever.

On trial of the case, at the conclusion of all the testimony, the Court directed a verdict for the Carolina Feed Store; and also in favor of the Allied Mills, Inc., as to punitive damages, but submitted to the jury, as to that defendant, the issue of actual damages; and the plaintiff was awarded the sum of $500.00.

The only question presented by the appeal, as stated and argued by counsel, is whether the trial Judge committed error in refusing appellant's motion for a directed verdict as to actual damages, "made upon the ground that there was no evidence of actionable negligence."

The testimony shows that the plaintiff is a breeder of fine dogs, which she raises in kennels near her residence in Forest Hills, in the City of Columbia. She testified that in September, 1935, she commenced using Wayne Dog Food,

a product manufactured by the defendant, Allied Mills Inc., which she purchased from the defendant, Carolina Feed Store; that she used perhaps a hundred pounds or more of the food before she had any trouble with her dogs getting sick; that, following the instructions of the agents of the defendants in feeding the puppies, she mixed a little milk with the food in order to make it moist enough for them to eat it, and that she fed the big dogs the same food, the only difference being that she gave them vegetable soup instead of milk; that during the latter part of October, 1935, the puppies became sick, which was shortly after she had purchased and was using a sack of the Wayne Dog Feed; that she consulted Dr. Caughman, a veterinarian, who advised that they be taken off the food they were then eating and be put on a milk diet, and that she did this, with the result that they got better; that she then, as directed by Dr. Caughman, put them back on the Wayne Food, and that they immediately got sick again and ten of the puppies died; that they had dysentery, something like colitis which babies have. She further stated that she could not get a bacterial analysis made of the food, but that a chemical analysis was made. The plaintiff's husband, J. E. Hunter, testified to the same effect, stating that when the puppies were about six weeks old, the plaintiff purchased the sack of Wayne Dog Food that they were talking about, and while eating the food contained in this bag, all of the dogs, both large and small, developed dysentery, as testified to by Mrs. Hunter; that the puppies were taken off the food and put on a milk diet, with the result that they got better; that they were then put back on the dog food again, it being thought they were over the trouble and that there was nothing wrong with the food, but that "there was an immediate return of the dysentery in a worse form." He further testified that when the puppies first became sick, Dr. Caughman, the veterinarian, looked over them, "and they were under his care from that time on"; that the food that was left in the sack out of which the puppies were being fed when they got sick, was

put on the top shelf in the pantry where the mice got into it, and shortly thereafter there were a good many of them dead around the house. He also said that he tried to get a bacterial examination made of the food but was unable to do so.

Dr. Caughman stated that he treated fourteen puppies for the plaintiff; that they had acute enteritis, which is an inflammation of the intestines; that he directed they be taken off the Wayne Dog Food and be placed on a milk diet, and after it appeared that they had improved from his treatment, he instructed the plaintiff to put them back on the dog food; and that the puppies then had a more severe attack of the same trouble than they had at first, and ten of them died.

"Q. Taking a kennel of thirty dogs, and taking all the dogs with one thing in common, Wayne Dog Food, the older dogs' food mixed with vegetable juice and the younger dogs' food mixed with eggs and milk, and all of them get sick with the disease you have described, to what would you ascribe that disease? A. Evidently, to the food they were all getting in common."

While enteritis, admittedly, could be due to other causes, such as hookworm, the witness testified that he gave to his own dogs one feeding of the Wayne Dog Food that had been offered as a prize at a dog show, and had been left over, and that "they all went down" with the same trouble.

"Q. Now, Doctor, take a food that has been fed to thirty dogs and all of them got sick and the food was laid up on a shelf and the rats ate it, they died, and take that same food, that you fed to your dogs and they got sick, what would you say about the character of that food with reference to it being fit for dog food? A. Well, evidently that is a condition due to food poisoning."

We think that the above testimony required the submission of the case to the jury on the issue of defendant's negligence in the manufacture and preparation of the dog food in question and as to whether such negligence resulted in the

injury complained of. The trial Judge, therefore, committed no error in refusing to direct a verdict on the ground stated.

The judgment of the Court below is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.